STATE OF NORTH CAROLINA v. BOBBY MITCHELL ADAMS

No. 872SC632

(Filed 15 December 1987)

**1. Automobiles and Other Vehicles § 4— accident in parking lot—refusal to exhibit driver's license**

Defendant could properly be convicted of willfully refusing to exhibit his driver's license to a uniformed law officer in violation of N.C.G.S. § 20-29 where the evidence showed that defendant's vehicle struck a car in an off-street parking lot at a dentist's office; uniformed officers came to the parking

lot to investigate the accident; and defendant refused several requests by the officers to display his driver's license to facilitate the investigation.

**2. Assault and Battery § 14.6— investigation of parking lot accident—performance of duties as law officers**

Law officers who were investigating an accident in an off-street parking lot at a dentist's office involving damage under $500 and not resulting in personal injury or death were performing a duty of their office so as to support defendant's conviction of feloniously assaulting the officers in the performance of their duties even though N.C.G.S. § 20-166.1(e) may not have required an investigation in this case.

**3. Assault and Battery § 14.6— assault on law officers—sufficient evidence**

The State's evidence was sufficient to support defendant's conviction of assaulting two law officers with a deadly weapon in violation of N.C.G.S. § 14-34.2 where it tended to show that defendant threatened to kill the officers if either one tried to touch him, removed a pocketknife from his pocket, shook it at the officers, began cleaning his fingernails with the knife, told officers that it would take the whole county sheriff's department to take him down, and finally folded the knife and put it back in his pocket after being asked repeatedly to put it away.

APPEAL by defendant from *Llewellyn, Judge.* Judgments entered 1 April 1987 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 9 December 1987.

Defendant was charged in proper bills of indictment with two counts of feloniously assaulting a law enforcement officer with a deadly weapon in violation of G.S. 14-34.2, refusing to produce and exhibit his driver's license to George Stokes, a uniformed law enforcement officer, in violation of G.S. 20-29 and assaulting a law enforcement officer in violation of G.S. 14-33(b)(4).

The evidence at trial tends to show the following: On 17 November 1986, defendant took his son to a dentist's office and parked his vehicle, a wrecker, in the dentist's parking lot. After his son's appointment, as defendant was leaving the lot, he backed into a gray 1976 Toyota that was parked in the lot. Defendant sent his son into the dentist's office to find the Toyota's owner. Defendant's son found the driver, and the driver's mother reported the accident to the police. Two police officers, Sergeant George Stokes and Adolphus Fonville, came to the scene to investigate the accident. Stokes asked defendant several times to produce his driver's license, and he refused. Stokes informed defendant that he would be arrested if he did not produce and exhibit his driver's license. Defendant told the officers present that

if either one tried to touch him he would try his best to kill them. Defendant removed a pocketknife from his pocket, shook it at the officers, and then began cleaning his fingernails. Defendant told the officers that it was going to take the whole Beaufort County Sheriff's Department and the whole police department to take him down. Sergeant Stokes pulled his service revolver from his holster and held it pointed towards the sky in the ready position when defendant pulled out the knife. Stokes told defendant if he made a move toward the officers or tried to stab either one he would shoot him. Stokes also called for a backup on his hand-held walkie-talkie and Officer J. W. Pollard came to the scene. Defendant finally folded the knife and put it back in his pocket after being asked repeatedly to put it away. As the officers tried to effectuate the arrest defendant reached in his wrecker for an iron pipe and a struggle ensued. During the struggle defendant bit Officer J. W. Pollard's ring finger on his right hand and the middle finger on his left hand.

From judgments imposing five years for assault with a deadly weapon on George Stokes, a law enforcement officer, two years for assault with a deadly weapon on Adolphus Fonville, a law enforcement officer, and not less than twelve months nor more than fifteen months for refusing to produce his driver's license, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the State.*

*Frazier T. Woolard for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant argues the trial court committed error in denying his motion to dismiss the misdemeanor charge of willfully refusing to produce and exhibit his driver's license to George Stokes, a uniformed law enforcement officer. Defendant contends that since he struck the Toyota "on Dr. Manning's off-street parking lot, which is a public vehicular area," he did not have to produce his driver's license to the officers. In support of this contention, defendant cites *Keziah v. Bostic*, 452 F. Supp. 912 (W.D.N.C. 1978). In that case a highway patrolman driving along a public highway observed the petitioner driving out of a private driveway. The patrolman followed the petitioner into another private driveway.

Both the petitioner and the patrolman got out of their cars and approached each other. The patrolman asked the petitioner to produce his driver's license, and the petitioner refused, stating that he did not have to show his license on his own property. The patrolman informed the petitioner he was under arrest for failing to display his license, and a scuffle ensued. The court found that "while petitioner would have had a meritorious defense to any prosecution based on failure to display his license, he was not entitled to invoke self-help against what was, at the time, an arguably lawful arrest." *Id.* at 916.

Defendant in the present case has no such meritorious defense. Unlike the patrolman in *Keziah*, who had no reason to stop the petitioner or be suspicious of him, the policemen here were called to investigate an accident. The uniformed officers were legitimately on the parking lot premises to perform a duty of their office. Defendant was requested several times to display his driver's license to facilitate the investigation. When he refused, defendant clearly violated G.S. 20-29 which states:

> Any person operating or in charge of a motor vehicle, when requested by an officer in uniform . . . who shall refuse, on demand of such officer . . . to produce his license and exhibit same to such officer . . . for the purpose of examination . . . shall be guilty of a misdemeanor and upon conviction shall be punished as provided in this Article.

These assignments of error have no merit.

[2] Defendant next contends the trial court erred in denying defendant's motions to dismiss the charges of felonious assault with a deadly weapon on George Stokes and Adolphus Fonville, the two law enforcement officers who were investigating the accident. Defendant argues that Stokes and Fonville were not at the scene performing a duty of their office because G.S. 20-166.1(e) only requires law enforcement departments to investigate collisions resulting in injury to or death of any person or total property damage to an apparent extent of five hundred dollars or more. Although the damage to the Toyota was estimated by Stokes to be under five hundred dollars, the officers present were legitimately at the scene. The police were called to the parking lot to investigate an accident. Stokes testified that it was not unusual to be called to investigate minor traffic accidents and that an acci-

dent report is usually filed. The statute may not have required an investigation in this case, but it certainly did not forbid one. Defendant's argument borders on the frivolous.

[3] Defendant further argues that since Stokes and Fonville testified that defendant was "cleaning his fingernails" when he had the pocketknife out, "it is difficult to imagine how that could constitute an assault." We agree with defendant that cleaning one's fingernails should hardly be considered an assault, but here defendant was doing much more. The officers testified that defendant, after threatening their lives, withdrew the knife and shook it at them while continuing to threaten the policemen. Under the circumstances shown by the State in this case, there is plenary evidence that all the requirements of G.S. 14-34.2 were met. Defendant made an overt act with force and violence to do some immediate physical injury to the uniformed officers who were investigating the accident, and his show of force or menace of violence was sufficient to cause the officers a reasonable apprehension of immediate bodily harm.

Defendant had a fair trial free from prejudicial error.

No error.

Judges EAGLES and GREENE concur.